UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA HUNTER, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:20-cv-01460-SEB-MG |
| ) | |
| ELANCO ANIMAL HEALTH ) | |
| INCORPORATED, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE**

This cause is before the Court on Plaintiffs' Motion to Strike. [Dkt. 43]. Plaintiffs brought this action under Sections 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act") and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") alleging that Defendants (collectively, "Elanco") made false and misleading statements in their public disclosures concerning Elanco's business. On January 13, 2021, Defendants moved to dismiss Plaintiffs' first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) and for failure to meet the pleading standards set forth in the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3) ("PSLRA"). On March 15, 2021, Plaintiffs moved to strike certain exhibits submitted by Defendants in support of their pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f) [Dkt. 43], to which Defendants responded in opposition [Dkt. 47]. For the reasons explicated below, we DENY Plaintiffs' Motion to Strike.

1

## Background

This class action lawsuit was originally brought by Plaintiff Sandra Hunter, individually and on behalf of all other persons and entities that purchased or otherwise acquired Elanco securities during the Class Period (between September 20, 2018, and May 6, 2020) including persons or entities that acquired Elanco common stock pursuant to Elanco's merger with Aratana Therapeutics ("Aratana") on July 18, 2019 and were damaged thereby. FAC ¶ 1. The FAC alleges that Defendants made material misrepresentations and omissions regarding Elanco's top-line revenue growth rate and related underlying end-user demand as part of an alleged "channel stuffing" scheme during the Class Period in violation of the Exchange Act and the Securities Act. Plaintiffs allege that Defendants knew that Elanco's materially inflated channel inventory put Elanco's sales, revenues, and/or results of operations at risk, and that this channel stuffing scheme resulted in Elanco's share price drop on May 7, 2020.

Defendants moved to dismiss Plaintiffs' FAC on the grounds that Plaintiffs failed to plead any undisclosed channel-stuffing that rendered any of the challenged statements false or misleading or any intent to engage in a channel-stuffing fraud. Rather, Defendants contend that Elanco worked to grow sales through legitimate marketing practices during the Class Period, periodically reduced its financial guidance to reflect decreased revenue, and later reduced its channel inventory after the pandemic began. In support of Defendants' motion to dismiss, Defendants' attorney, Stacy Nettleton, filed a declaration [Dkt. 38] to which were attached copies of twenty-seven exhibits, of which Plaintiffs seek to strike (1) Exhibit 15, American Veterinarian Medical Association's

("AVMA") March 20, 2020 guidance [Dkt. 38-15]; (2) Exhibit 16, Patterson Companies press release dated April 6, 2020 [Dkt. 38-16]; (3) Exhibit 17, AmerisourceBergen Corporation's ("ABC") May 7, 2020 earnings call [Dkt. 38-17]; and (4) Exhibit 18, excerpts from Covetrus's Form 10-Q filed on May 14, 2020 [Dkt. 38-18]. [*See* dkt. 43].

## Discussion

Plaintiffs assert that Exhibits 15, 16, 17, and 18 should be stricken pursuant to Fed. R. Civ. P. 12(f) as they are neither incorporated into the FAC by reference nor the proper subject of judicial notice. Plaintiffs further allege that Defendants rely on these extraneous documents to establish the truth of the disputed matters asserted, which is improper on a motion to dismiss. Defendants respond that Plaintiffs' motion is procedurally improper and, alternatively, that the four challenged Exhibits were effectively incorporated into the FAC, are subject to judicial notice, and may be considered in support of the undisputed facts for which they are cited. Because we agree that Plaintiffs' motion is procedurally improper in this instance, we do not consider the merits of the parties' arguments as to each specific Exhibit at this juncture.

Defendants assert that Plaintiffs' objection to Defendants' use of the Exhibits should have been made (and in fact were made) in Plaintiffs' opposition to Defendants' motion to dismiss and, as a result, Plaintiffs are not entitled to now raise additional arguments in a collateral filing. Dkt. 47 at 3.[1] Citing Local Rule 56-1(i), Defendants note that this Court "disfavors collateral motions—such as motions to strike—in the summary

---

[1] All citations to specific pages in the parties' filings refer to the PDF page of the electronically filed document, not to internal document page numbers.

judgment process" because "[a]ny dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief." While Local Rule 56-1 applies in the summary judgment context, it is appropriate in the motion to dismiss context as well. *See, e.g.*, *Shroyer Bros. v. Nichols*, No. 1:16-cv-00735-JMS-DML, 2016 WL 7455310, at *3 (S.D. Ind. Dec. 28, 2016). Plaintiffs concede that Local Rule 56-1(i) has been applied in the context of motions to dismiss but maintain that the Court is not required to apply the rule here.

  Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although Rule 12(f) "does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions." *Keaton v. Hannum*, No. 1:12-cv-00641-SEB-MJD, 2013 WL 1800577, at *1 (S.D. Ind. Apr. 29, 2013) (collecting cases). The authority to do so "comes from the Court's inherent power to strike impermissible filings." *Id.* However, as a general rule, motions to strike are disfavored. *Id.* (citing *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1295 (7th Cir. 1989)). The burden on a motion to strike is upon the moving party. *Id.* (citing *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992)).

  We find that Plaintiffs' motion to strike is procedurally improper. On March 4, 2021, Plaintiffs requested and received leave to file an oversize brief in response to Defendants' motion to dismiss based, in part, on their representation that they needed additional space to "adequately respond to the arguments raised in Defendants' motion." Dkt. 40; Dkt. 41. Plaintiffs subsequently filed a 53-page opposition brief, including 40

pages of substantive argument. Dkt. 42. Plaintiffs' opposition brief includes the very argument that Plaintiffs have now raised again in this separate collateral motion, to wit, that the Court should not consider Exhibits 15–18. *See id.* at 45–46. Thus, Plaintiffs' arguments have already been brought before the Court, and "[t]he Court is capable of applying the correct standard to the facts discussed by the parties, and deciding which of those facts are properly considered based on the motion to dismiss standard." *Shroyer Bros.*, 2016 WL 7455310, at *3.

Plaintiffs are not entitled to another brief in which to raise arguments against dismissal as this separate filing is unnecessary, duplicative, and exceeds the allotted 40 pages for Plaintiffs' opposition to Defendants' motion to dismiss. Plaintiffs' arguments concerning the contested Exhibits will be addressed and resolved in the Court's resolution of Defendants' Motion to Dismiss.

## Conclusion

Accordingly, Plaintiffs' Motion to Strike is DENIED. Dkt. 43.

IT IS SO ORDERED.

Date:  3/25/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Justin D. D'Aloia
Weil Gotshal & Manges LLP
justin.daloia@weil.com

Gena L. Gonzales
WEIL GOTSHAL MANGES LLP
gena.gonzales@weil.com

Offer Korin
KATZ  KORIN CUNNINGHAM, P.C.
okorin@kkclegal.com

Emanuel McMiller
Faegre Drinker Biddle & Reath LLP
manny.mcmiller@faegredrinker.com

Stacy Nettleton
WEIL GOTSHAL MANGES LLP
stacy.nettleton@weil.com

John A. Neuwirth
WEIL GOTSHAL MANGES LLP
john.neuwirth@weil.com

Pavithra Rajesh
GLANCY PRONGAY & MURRAY LLP
prajesh@glancylaw.com

Gregory S. Silbert
WEIL GOTSHAL MANGES LLP
gregory.silbert@weil.com

Wendy J. Wildung
FAEGRE DRINKER BIDDLE & REATH LLP (Minneapolis)
wendy.wildung@faegredrinker.com

Paul A. Wolfla
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
paul.wolfla@faegredrinker.com

Kara M. Wolke
GLANCY BINKOW & GOLDBERG LLP
kwolke@glancylaw.com

Melissa C. Wright
GLANCY PRONGAY & MURRAY LLP
mwright@glancylaw.com

7